# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNULFO NAVARRO,<br><br>    Petitioner,<br><br>v.<br><br>SAN BERNARDINO COUNTY SHERIFF,<br><br>    Respondent. | Case No. 5:18-cv-02359-JFW-KES<br><br>ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE SUMMARILY DISMISSED |

On November 5, 2018, Arnulfo Navarro ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition").[1] (Dkt. 1.) Under Rule 4 of the Rules Governing Section 2254 and 2255 Cases in the United States District Courts, the Court "must" dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the

---

[1] In determining the filing date, the Court did not apply the prison mailbox rule, because Plaintiff did not mail the Petition to the Court; it was filed at the filing counter in Los Angeles. As discussed below, Petitioner is "in custody" only in the sense that he remains on probation. The Court notes, however, that the Petition was signed on August 5, 2018. It is unclear why the Petition was signed approximately three months before it was filed.

1

petitioner is not entitled to relief…." Review of the Petition suggests several reasons why Petitioner may not be entitled to habeas relief, as described below. The Court therefore orders Petitioner to show cause **on or before December 10, 2018**, why the Petition should not be summarily dismissed.

## I.

## BACKGROUND

Petitioner alleges that on May 5, 2018, he suffered a conviction in San Bernardino County Superior Court case no. 16CR-015596 for which was sentenced on June 17, 2018, to three months in custody. (Petition at 2.) Petitioner alleges he was convicted under California Penal Code section 273.6(E) for violating a restraining order after pleading not guilty. (Id.) Plaintiff never appealed his conviction, because his case was dismissed. (Id. at 3, 5.) Petitioner's sole claim for relief is "false arrest," which the Court interprets as an allegation that he was arrested without probable cause in violation of the Fourth Amendment to the U.S. Constitution. (Id. at 5.) Plaintiff alleges that he has never presented this claim to any state court. (Id.)

Online records of the San Bernardino County Superior Court[2] reflect that case no. 16CR-015596 was filed on May 3, 2016. Petitioner was charged with two misdemeanor counts under California Penal Code sections 273.6(a) (violating a court order to prevent domestic violence) and 166(a)(4) (contempt of court based on willful disobedience of a court order), respectively. On May 27, 2016, pursuant to a plea agreement, Petitioner pled "no contest" to contempt of court under section 166(a)(4), and the other count was dismissed. Plaintiff was sentenced to thirty days in the County jail (with credit for 30 days of time served) and three years of

---

[2] These records are available at https://www.sb-court.org/Divisions/Criminal/CaseInformationOnline.aspx. The Court takes judicial notice of these records. See Fed. R. Evid. 201(b)(2); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

probation. The conviction was certified by the Clerk of the Court on June 16, 2016.

In June and July 2016, the state sought to revoke Petitioner's probation, but the Superior Court suspended the revocation proceedings after declaring a doubt about Petitioner's mental health. In September 2016, he was found mentally competent. Petitioner was eventually found in violation of his probation and placed in custody. The most recent orders reflect that Petitioner was released from custody on August 15, 2018, but he remains on probation subject to new restraining orders.[3]

## II.

## DISCUSSION

A. **The Nature of Habeas Relief.**

An application for a writ of habeas corpus under 28 U.S.C. § 2254 must allege that the petitioner is "in custody pursuant to the judgment of a State Court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before filing a federal habeas petition, the petitioner must "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Petitioner is entitled to habeas relief only if the state court's decision on the merits "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

---

[3] Petitioner was also a defendant in San Bernardino County Superior Court case no. 16CR-027893 filed on June 21, 2016. In that case, he was charged with a felony violation of Penal Code section 166(C)(4) (disobeying a court order). The case went to a jury trial in April 2017. That charge was dismissed in June 2017 in the interest of justice.

**B.      Pleading Requirements.**

Initially, the Court notes that Rule 2 of the Rules Governing Section 2254 and 2255 Cases in the District Courts requires a habeas petition to "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground." The Petition fails to comply with this rule because Petitioner does not explain what facts support his claim of "false arrest." (Petition at 5.) Although this hampers the Court's ability to review the claim, the Court nevertheless offers the following tentative analysis in the interests of efficiency.

**C.      The "In Custody" Requirement.**

A habeas petitioner must be "in custody" in order to obtain a writ of habeas. 28 U.S.C. § 2254(a). A "petitioner is "in custody" for the purposes of habeas jurisdiction while he remains on probation." Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005). However, the petitioner must be in custody "for purposes of the conviction he is challenging"; if he is in custody pursuant to a *different* conviction, this is not sufficient. See Woodall v. Beauchamp, 450 F. App'x 655, 657 (9th Cir. 2011).

The present Petition states that Petitioner is challenging his conviction under California Penal Code 273.6 for violating a restraining order, but he also states that he failed to appeal the conviction because the case was dismissed. (Petition at 2-3.) Indeed, as discussed above, the state court records shows that this charge was dismissed and Petitioner was convicted under California Penal Code section 166. Thus, it is not clear that Petitioner is in custody (i.e., on probation) because of the conviction he seeks to challenge.

**D.      The Exhaustion Requirement.**

The United States Supreme Court follows a rule of "total exhaustion," requiring that all claims in a federal habeas petition be exhausted before a federal court may grant the petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his

4

federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). Exhaustion requires that a petitioner's claims be fairly presented to the highest court in a state court system even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).

Petitioner admits that he did not present his "false arrest" claim on direct appeal to the California Court of Appeal, in a petition for review to the California Supreme Court, or in a habeas petition to the California Supreme Court. (Petition at 5.) He states that he has not filed any habeas petitions in state court with respect to this judgment of conviction. (Id. at 3.) Thus, this claim appears to be unexhausted.

If Petitioner wishes to attempt to exhaust this claim by filing petitions for habeas corpus in the state courts, he may seek a stay of these proceedings under Rhines v. Weber, 544 U.S. 269 (2005) if he can show: (1) good cause for the failure to exhaust his claims, (2) the exhausted claims are potentially meritorious, and (3) he did not engage in dilatory tactics. Id. at 278.

**E.     False Arrest Claim and Effect of No Contest Plea.**

If Petitioner is alleging that he was arrested in violation of the Fourth Amendment, this claim likely cannot be brought in this habeas proceeding as long as he was "provided an opportunity for full and fair litigation" of that claim in the state court. Stone v. Powell, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that

5

evidence obtained in an unconstitutional search or seizure was introduced at his trial.") (footnote omitted); Terrovona v. Kincheloe, 912 F.2d 1176, 1177-78 (9th Cir. 1990) ("The district court correctly determined that Stone … bars petitioner from raising his Fourth Amendment warrantless arrest claim in a federal habeas action.").

Additionally, it appears that Petitioner may be on probation due to a "no contest" plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Generally, aside from a challenge to the voluntary and intelligent character of the plea itself, the entry of a guilty plea generally forecloses all collateral attacks on pre-plea constitutional errors – such as arrest without probable cause. Id.

In California, the legal effect of a plea of no contest is the same as that of a guilty plea for purposes of Tollett. See Cal. Pen. Code § 1016(3). Thus, except for those claims that are directed at the validity of his no contest plea, his federal habeas claims would be barred by Tollett if he is in custody due to a no contest plea.

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that **on or before December 10, 2018**, Petitioner shall show cause in writing why the Petition should not be summarily dismissed. Petitioner may respond to this Order to Show Cause by doing any of the following:

(1) Filing a First Amended Habeas Petition that attempts to remedy the pleading defects identified above, accompanied by a motion to stay this federal case while Petitioner files petition(s) for habeas corpus in state

6

court(s) to exhaust his claim for relief; or

(2) File a Response to this Order to Show Cause setting forth facts and legal arguments why the Petition, as drafted, should not be summarily dismissed; or

(3) If Petitioner no longer wishes to pursue this action, file a notice of voluntary dismissal.

**If the Court does not receive a timely response to this Order to Show Cause from Petitioner, the Court will recommend dismissal of this action based on lack of prosecution and/or for the reasons specified above.**

DATED:  November 08, 2018

/s/ Karen E. Scott
KAREN E. SCOTT
United States Magistrate Judge

| Free Legal Help for People without an Attorney |||
|---|---|---|
| **Los Angeles** | **Santa Ana** | **Riverside** |
| Federal Pro Se Clinic<br>Edward Roybal R. Federal Building and Courthouse<br>255 East Temple Street<br>Suite 170 (Terrace Level)<br>Los Angeles, CA 90012<br><br>**Hours*:**<br>Monday, Wednesday, Friday<br>9:30 a.m. - 12 p.m. and<br>2 p.m. - 4 p.m.<br><br>*Clinic visitors must make an appointment in advance by calling (213) 385-2977 x270 or visiting<br>http://prose.cacd.uscourts.gov/los-angeles | Federal Pro Se Clinic<br>Ronald Reagan Federal Building and Courthouse<br>411 W. 4th Street<br>Room 1055 (1st Floor)<br>Santa Ana, CA 92701<br><br>**Hours*:**<br>Tuesday 1- 4 p.m.<br>Thursday 10 a.m.-12 p.m. and<br>1:30 - 3:30 p.m.<br><br>*Clinic visitors must make an appointment in advance by calling: (714) 541-1010 x222 | Joint Federal Pro Se Clinic<br>George E. Brown Federal Building<br>3420 Twelfth Street<br>Room 125<br>Riverside, CA 92501<br><br>**Hours:**<br>Tuesday and Thursday<br>10 a.m. - 2 p.m.<br><br>For more information, call:<br>(951) 682-7968 |
| Visit the Court's website for further information:<br>http://prose.cacd.uscourts.gov/federal-pro-se-clinics |||